**CLOSED CIVIL CASE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case No. 06-14121-CIV-GRAHAM/LYNCH

N.K.B. and B.T.B,
minor children,
By and Through their
natural father
and legal guardian,
JOSEPH BRENNAN, pro se

    Plaintiffs,

vs.

PAUL KANAREK
in his official
capacity as a Judge in
the Nineteenth Judicial
Circuit  Court of Indian
River County, Florida,

    Defendant.
_____/

## ORDER

    **THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss [D.E. 10].

    **THE COURT** has considered the Defendant's Motion to Dismiss and the pertinent portions of the record, and is otherwise fully advised in the premises.

### I. INTRODUCTION

    On May 8, 2006, Joseph Brennan, pro se, initiated this action on behalf of his minor children by filing a three-count Complaint alleging violations under 42 U.S.C. §1983, against Judge Paul B. Kanarek in his official capacity [D.E. 1]. Plaintiffs assert

violations of the Fourth, Ninth and Fourteenth Amendments, the Equal Protection Clause and the Due Process Clause of the U.S. Constitution. The Complaint seeks relief in the form of a declaratory judgment and costs.

Plaintiffs allege that during the course of Joseph Brennan's dissolution proceedings in state court, Defendant improperly seized, reviewed, and then placed into the public court file, the medical records of Mr. Brennan's two minor children, who are the named Plaintiffs in this action.

Defendant now seeks to dismiss the Complaint, on grounds that Plaintiffs have failed to state a cause of action under 42 U.S.C. 1983 and asserting that this Court should abstain from entertaining the instant lawsuit pursuant to the Younger abstention doctrine [D.E. 10].

## II. DISCUSSION

While the Defendant has sought dismissal on both Constitutional grounds and abstention grounds, the principle of judicial restraint directs this Court to avoid reaching the Constitutional question when it need not. See Cormier v. Green, 141 Fed. Appx. 808 (11th Cir. 2005)(citing Adler v. Duval County School Bd., 112 F.3d 1475, 1479(11th Cir. 1997)(stating "[a] fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them"). Accordingly, the Court addresses

issues related to abstention as a threshold matter without comment on the underlying Constitutional claims.

Generally, federal courts should abstain from exercising their jurisdiction if doing so would "disregard the comity between the States and the National Government." Wexler v. Lepore, 385 F.3d 1336, 1339 (11th Cir. 2004)(citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 107 S.Ct. 1519, 1526, 95 L.Ed.2d 1 (1987)). While such abstention espouses a strong federal policy, it remains the exception, not the rule to the federal courts' "virtually unflagging" duty "to adjudicate claims within their jurisdiction." Id. (citations omitted).

Younger abstention is a doctrine of federal-state comity that limits the extent to which parties may be sued in federal court. See Wexler v. Leppore, 385 F.3d 1336, 1339 (11th Cir. 2004). Although the Younger doctrine originally concerned state criminal proceedings, its principles are "fully applicable to noncriminal judicial proceedings when important state interests are involved." 31 Foster Children v. Bush, 329 F.3d 1255, 1276 (11th Cir. 2003)(citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)). In Middlesex, the Supreme Court held that in the civil context, Younger abstention is appropriate if (1) there are pending state proceedings, (2) the proceedings implicate important state interests, and (3) the proceedings provide an adequate opportunity

for raising federal constitutional questions. <u>Middlesex</u>, 451 U.S. at 432. <u>See also</u> <u>Old Republic Union Ins. Co. v. Tillis Trucking Co.</u>, 124 F.3d 1258, 1261 (11th Cir.1997).

In a recent Eleventh Circuit case, the Appellate Court stated, "[f]or abstention to be triggered, (1) the federal injunction must create an undue interference with state proceedings, and (2) the state proceedings at issue must involve certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions...". <u>Shapiro v. Ingram,</u> 2006 WL 3026101 at *1 (11th Cir. Oct. 25, 2006)(citations and quotations omitted). Thus, the <u>Younger</u> doctrine acts to prevent federal courts from being the grand overseers of state courts and court-like administration. <u>Id.</u> Further, the Supreme Court has determined that states have important interests in administering certain aspects of their judicial systems that are sufficient to support the invocation of <u>Younger</u> abstention, even in the context of civil proceedings involving purely private parties. <u>Cormier v. Green</u>, 141 Fed. Appx. 808, 813 (11th Cir. 2005)(<u>citing</u> <u>Pennzoil</u>, 481 U.S. at 14, 107 S.Ct. at 1527). Finally, the Younger doctrine applies not only to injunctive relief but declaratory relief as well. <u>See</u> <u>Samuels v. Mackell</u>, 401 U.S. 66, 69-73, 91 S.Ct. 764, 766-68, 27 L.Ed.2d 688 (1971) (extending Younger abstention doctrine to declaratory judgment actions).

In the present case, it is clear that all three <u>Middlesex</u>

factors are met. In particular, (1) as stated in Plaintiffs' complaint, the state court divorce proceedings are on-going; (2) the divorce proceedings implicate the important state interests of ensuring that the state court judge's are able to enforce the terms of divorce decrees pending before them and in allowing state courts to determine how to maintain their court files; and (3) the proceedings provide an adequate opportunity for raising federal constitutional questions as the Plaintiffs could raise their constitutional claims in the state court proceedings.[1]

Further, as in Shapiro, the pro se Plaintiffs herein essentially seek to overturn the state court Judge's order regarding the enforcement of the Parents' divorce decree which included directing the production of the children's medical records. This would require the Court to direct Judge Kanarek to reverse his prior ruling, thereby effectively telling the state court how to run its divorce and child custody proceedings, as well as how to maintain its records. Plaintiffs concede as much in their prayer for relief wherein they state:

> By seeking declaratory judgments, Plaintiffs are also seeking prospective relief for themselves and all similarly situated innocent third party minor children of divorced or divorcing parents appearing in Defendant's

---

[1] The Court notes that although the minor children are not named parties in the state action, pursuant to Hicks v. Miranda, 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975) the Younger doctrine applies to the children named as Plaintiffs herein as their interests are inextricably intertwined with the parties (their parents) in the state court action. See Hicks, 422 U.S. at 348, 95 S.Ct. at 2291.

    courtroom [D.E. 1 at 6].

and

    Additional prospective relief may also include the Judges of the 19th Judicial Circuit addressing this problem by adopting administrative rules and forms concerning privacy... [D.E. 1 at 6].

Thus, the relief sought by Plaintiffs is exactly the sort of federal-court interference of state court proceedings that the Younger doctrine seeks to avoid.  See, e.g., 31 Foster Children v. Bush, 329 F.3d 1255 at 1278-79 (11th Cir. 2003)(addressing relief that would take "responsibility for a state's child dependency proceedings away from state courts and [put] it under federal court control"). Therefore, pursuant to Younger and its progeny, the Court will abstain from exercising its jurisdiction in this matter.

### III. CONCLUSION

Based upon the foregoing, it is

**ORDERED AND ADJUDGED** that the Defendant's Motion to Dismiss [D.E. 10] is **GRANTED**. It is further

**ORDERED AND ADJUDGED** that this case shall be **CLOSED** for administrative purposes and any pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of December, 2006.

                                DONALD L. GRAHAM
                                UNITED STATES DISTRICT JUDGE

cc:  Counsel of Record